### In re IRWIN YACHT SALES, INC., d/b/a Harborside Marina & Yacht Basin, Debtor.

**Bankruptcy No. 93–3434–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 26, 1994.

Ginnie Van Kesteren, St. Petersburg, FL, for debtor.

Allan C. Watkins, Tampa, FL, for Eugenia D. Newell.

## ORDER ON MOTION FOR RELIEF FROM ORDER GRANTING RENEWED MOTION TO ASSUME LEASE

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a yet-to-be confirmed Chapter 11 case and the matter under consideration is a Motion for Relief from Order Granting Renewed Motion to Assume Lease filed by Eugenia Newell (Newell), the former spouse of Michael Irwin (Irwin), the principal of Irwin Yacht Sales, Inc. (Debtor). In her Motion, Newell seeks relief from an Order of this Court dated September 2, 1993 which granted the Motion of the Debtor, and authorized the Debtor to assume a lease. The facts relevant to resolution of this matter are as follows:

The Debtor operates a marina, yacht basin and boat storage facility located at 9333 Blind Pass Road, St. Petersburg Florida known as Harborside Marina & Yacht Basin. The Debtor occupies this location pursuant to a written lease agreement (Lease) dated April 29, 1982 between the Debtor and Irwin, who was at that time the sole record owner of the commercial property involved in this controversy. The Lease provides for a ten year term, with an option to renew for an additional ten years. As noted earlier, at the time this lease was executed, the premises were owned solely by Irwin.

On June 10, 1983, the Circuit Court of Pinellas County entered a Final Judgment of Dissolution of Marriage dissolving the marriage of Irwin and Newell. The Final Judgment granted to Newell a special equity in the premises, and to assure her interest, the final decree awarded Newell one-half interest in the property, to hold the interest as a tenant in common with Irwin. To effectuate the decree, on August 18, 1983, Irwin executed a quit-claim deed conveying one-half interest to the property involved to Newell. In 1992, when the ten year term of the Lease expired, the Debtor exercised its option to renew the Lease for an additional ten years. Newell acquiesced to the renewal of the Lease.

On April 7, 1993, the Debtor filed a Motion to Assume Lease relating to the property involved. On May 24, 1993, this Court entered an Order granting the Motion, and authorizing the Debtor to assume the Lease. On June 1, 1993, Newell filed a Motion for Rehearing of the Order Granting Motion to Assume Lease. This Motion was heard in due course, at the conclusion of which, this Court granted the Motion, and vacated the previous Order Authorizing Assumption of the Lease.

On August 17, 1993, the Debtor filed a renewed Motion to Assume Lease. This Motion was granted by the Court on September 1, 1993. Newell subsequently filed a Motion for Relief from Order Granting Motion to Assume, which is the matter currently before this Court.

In her Motion, Newell contends that she did not receive notice of the Renewed Motion to Assume Lease, and therefore was not in the position to object to assumption of the Lease. In opposition, the Debtor contends that Newell is not a party in interest and does not have standing to object to the assumption of the lease.

Assumption of leases is governed by § 365 of the Bankruptcy Code, which provides in pertinent part as follows:

§ 365. Executory contracts and unexpired leases

(a) Except as provided in section 765 and 766 of this title and in subsections (b), (c) and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

(b)(1) If there has been a default in an executory contract or unexpired lease of the debtor; the trustee may not assume such contract or lease unless at the time of assumption of such contract or lease, the trustee—

(A) cures, or provides adequate assurance that the trustee will promptly cure, such default;

(B) compensates, or provides adequate assurance that the trustee will promptly

compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

It is clear that the parties in interest in this controversy are the landlord and the Debtor, i.e. the parties to the lease. It is equally clear that inasmuch as Newell was not a party to the lease, she has no standing to oppose the Debtor's attempts to assume the lease in question. As long as the Debtor can show that it can satisfy the requirements set forth in § 365 for assumption of the lease, and the landlord is satisfied with the assumption, this Court has no difficulty in approving the assumption. Approval of the assumption, would of course, be without prejudice to Newell to pursue whatever rights and remedies shall may have in a nonbankruptcy forum, including the imposition of an equitable lien upon the rents collected by Irwin.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Relief from Order Granting Renewed Motion to Assume Lease is hereby denied. The Order Granting Renewed Motion to Assume Lease is hereby affirmed.

DONE AND ORDERED.